IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

UNITED STATES OF AMERICA,

vs.

RANDALL NEAL WYNN,

      Defendant.

Case No. 6:18-cr-00546-AA
**OPINION AND ORDER**

AIKEN, District Judge:

Now before the Court is defendant Randall Wynn's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Doc. 77. Specifically, defendant seeks a reduction of his sentence to time served and a revision of his supervised release conditions to include a term of home confinement. Defendant asserts that his age and medical conditions, which include hypertension, a history of smoking, and colon polyps asthma, coupled with unsafe conditions at United States Penitentiary ("USP") Lompoc, place him at a heightened risk of complications and long-term side effects

associated with the 2019 novel coronavirus ("COVID-19"). For the following reasons, the motion is DENIED.

## BACKGROUND

On December 12, 2018, defendant pleaded guilty to one count of possession with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine in violation of 21 U.S.C. § 841(a)(l), (b)(l)(A)(viii) and one count of possession with intent to distribute 50 grams or more of a mixture or substance containing methamphetamine in violation of 21 U.S.C. § 841(a)(l), (b)(l)(B)(viii). Doc. 31. Defendant entered this plea as part of a negotiated agreement with the government. Doc. 20.

Defendant was sentenced to 125 months in custody to run concurrently on both counts, with a five-year term of supervised released to follow. Doc. 46. Later, the defendant brought a motion to vacate or correct his sentence pursuant to 28 U.S.C. § 2255. Doc. 53. The parties reached an agreement regarding the issues raised in the motion and jointly requested that the Court resentence defendant. The Court ultimately resentenced defendant to 120 months in custody on both counts to run concurrently. Doc. 75. One month later, defendant filed the present motion for compassionate release. Doc. 77.

The Court heard oral argument in this matter on June 25, 2020 and took the matter under advisement. Defendant previously wrote to the Court, reporting that from March 24, 2020 to April 4, 2020, he was exhibiting symptoms of COVID-19. Defendant was never tested for the virus or examined by a physician during this

period. Accordingly, the Court ordered that defendant be tested COVID-19. On July 14, 2020, the government reported that defendant had tested negative for the virus and represented that the U.S. Bureau of Prisons ("BOP") does not perform antibody tests on inmates.

## LEGAL STANDARD

A district court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010). Compassionate release under 18 U.S.C. § 3582(c)(1)(A) provides an exception in rare cases. As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes courts to modify terms of imprisonment as follows:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; [. . .]
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A).

The relevant policy statement for sentence reductions under the compassionate release statute is found in the U.S. Sentencing Guidelines, § 1B1.13. The policy statement identifies several "extraordinary and compelling reasons,"

U.S.S.G. § 1B1.13(1)(A) & cmt. 1, requires a finding that the defendant does not pose a danger to others or the community under the factors provided in 18 U.S.C. § 3142(g), *id.* § 1B1.13(2), and observes that "[t]he court is in a unique position to determine whether the circumstances warrant a reduction . . . after considering the factors set forth in [§ 3553(a)] and the criterial set forth in this policy statement, such as . . . whether the defendant is a danger," *id.* § 1B1.13 cmt. 4.

Defendant bears the burden to establish that he satisfied the procedural prerequisites for judicial review and compelling and extraordinary reasons to justify compassionate release. 18 U.S.C. § 3582(c)(1)(A).

## DISCUSSION

As an initial matter, defendant's motion is properly before the Court because more than thirty days have passed since defendant submitted his request and the Warden has not responded to it. *See Brown v. United States*, 411 F. Supp. 3d 446, 452 (S.D. Iowa 2019) ("Exhaustion occurs when the BOP denies a defendant's application or lets thirty days pass without responding to it") (internal citations omitted).

The remaining questions for the Court are: (1) whether defendant has presented extraordinary and compelling reasons for a sentence reduction considering the § 3553(a) sentencing factors, and (2) whether a reduction will be consistent with applicable policy statements from the Sentencing Commission, particularly, whether defendant is a danger under the § 3142(g) factors. The Court will assess each of these prongs in turn.

I.    *Extraordinary and Compelling Circumstances*

Section 1B1.13 of the U.S. Sentencing Guidelines identifies four categories of extraordinary and compelling reasons. *See* U.S.S.G. § 1B1.13 cmt. n. 1(A)-(D). As relevant here, § 1B1.13 provides that extraordinary and compelling reasons exist, *inter alia*, when "the defendant is suffering from a serious physical or medical condition, that substantially diminishes the ability of the defendant to provide selfcare within the environment of a correctional facility and from which he or she is not expected to recover" and in circumstances "other than, or in combination with" the other three categories. U.S.S.G. § 1B1.13 cmt. n.1(A)(ii), 1(D). The Court finds that these two categories of circumstances are present in this case.[1] Defendant is 60 years old and contends that he suffers from hypertension, gastrointestinal issues, a history of heavy smoking, being overweight and having a family history of diabetes and strokes.

Considering the above information and circumstances of defendant's confinement, the Court concludes that defendant is suffering from chronic and serious medical conditions which significantly diminish his ability to provide self-care in the environment where he is held. *See United States v. Colvin*, 2020 WL 1613943, at *4

---

[1] Although the fourth category of "extraordinary and compelling circumstances" from the U.S. Sentencing Guidelines encompasses other circumstances *as determined by the BOP director*, § 1B1.13 cmt. n. 1(D), the Court concludes, for the reasons stated in *United States v. Barber*, that it is not constrained under the current policy statement "by the BOP Director's determination of what constitutes extraordinary and compelling reasons for a sentence reduction." No. 6:18-cr-00446-AA-1, 2020 WL 2404679, at *6 (D. Or. May 12, 2020) (internal quotation marks omitted).

(D. Conn. Apr. 2, 2020). While this presents a closer question than other cases, the Court finds these conditions coupled with threat of COVID-19 would constitute extraordinary and compelling reasons justifying release

## II.    § 3553(a) Factors

Next, the Court reviews the § 3553(a) sentencing factors. In imposing a sentence which is "sufficient, but not greater than necessary," a court considers, among other things, the nature and circumstances of the offense, the history and characteristics of the defendant, community safety, the kinds of sentences available, the need to avoid unwanted disparities in sentencing, and all other obligations of sentencing including punishment, deterrence, and rehabilitation. 18 U.S.C. § 3553(a). The Court is persuaded that the applicable § 3553(a) factors do not support defendant's request for compassionate release.

The Court acknowledges that defendant's underlying offenses were serious and they were committed relatively recently. He has multiple convictions for drug, gun, and elude offenses which span several decades. Defendant's conviction most recent conviction covered conduct as recent as 2017 and 2018. The Court sentenced defendant to the higher end of his advisory guideline range in this case, because his activity warranted it. Defendant is currently scheduled to be released from custody on September 11, 2026. Though the Court commends defendant for his work while servicing his current sentence, reducing his sentence to time served would not be sufficient under these facts.

/ / /

### III.    Dangerousness

Finally, the Court considers whether defendant presents a danger to the community. U.S.S.G. § 1B1.13(2). Under § 3142(g), a court must consider the following factors in determining whether conditions of release will reasonably assure the safety of any other person and the community: (1) the nature and circumstances of the offense charged, (2) the weight of the evidence against the person, (3) the history and characteristics of the person, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

The Court finds that defendant fails to show that he would not present a danger to the community if released. As noted previously, the criminal activity in this matter was significant and dangerous. Further, defendant has a long history of engaging in similar behavior even into his mid to late-50's. Defendant has also been unsuccessful on supervision in the past. Defendant has shown that he has been unwilling to comply the term of post-prison supervision. He also committed significant new crimes while on supervision. Finally, defendant's behavior pending sentencing in this matter concerns the Court. After entering a plea in this case, defendant sent several threatening messages to a woman he felt cooperated with police.

After considering all the factors in § 3142(g), the Court finds that defendant would present a danger to the community were this motion granted.

///

Page 7 – OPINION AND ORDER

## CONCLUSION

For reasons set forth herein, defendant's motion for compassionate release (doc. 77) is DENIED.

IT IS SO ORDERED.

Dated this  15th  day of January 2021.


                                        /s/Ann Aiken

                                        Ann Aiken
                            United States District Judge