**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**EUGENE DIVISION**

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

**RANDALL NEAL WYNN,**

Defendant.

No. 6:18-cr-00546-AA-1

**OPINION & ORDER**

---

AIKEN, District Judge.

This case comes before the Court on Defendant Randall Neal Wynn's Motions for Reconsideration. ECF Nos. 91, 96. For the reasons set forth below, the Motions are DENIED.

**BACKGROUND**

On December 12, 2018, Defendant pleaded guilty to one count of possession with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii) and one count of possession with intent to distribute 50 grams or more of a mixture or substance containing methamphetamine in violation 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii). ECF No. 31. Defendant entered this plea as part of a negotiated agreement with the Government. ECF No. 30.

Defendant was sentenced to 125 months in custody to run concurrently on both counts, with five-year term of supervised release to follow. ECF No. 49. Later, Defendant brought a motion to vacate or correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 53. The parties

reached an agreement regarding the issues raised in the motion and jointly requested that the Court resentence Defendant. The Court ultimately resentenced Defendant to 120 months in custody on both counts to run concurrently. ECF No. 75.

On June 4, 2020, Defendant filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 77. Following a hearing, the Court denied the motion for compassionate release on January 15, 2021. ECF No. 90.

**DISCUSSION**

Defendant brings two separate motions for reconsideration. The first motion seeks reconsideration of a forfeiture order. ECF No. 91. Defendant seeks to recover $9,160 in cash, as well as unidentified personal property that he contends is in the custody of the Government. With respect to the claim for $9,160, Defendant agreed to relinquish his claim to that money as part of the agreed-upon resolution of Defendant's § 2255 motion, which reduced his sentence to 120 months. Gov't Resp. Br. Ex. 2, at 4-7. ECF No. 95-2. The Government affirms in its Response brief, ECF No. 95, that it is not aware of other property belonging to Defendant that is still in its possession. The Court therefore DENIES Defendant's first motion for reconsideration.

Defendant's second motion for reconsideration, ECF No. 96, seeks to revisit the denial of Defendant's motion for compassionate release. Defendant seeks a fourteen-month reduction in his sentence to account for the conditions of his confinement at FCI Lompoc.

Generally, a federal court may not modify a term of imprisonment once it has been imposed. 18 U.S.C. § 3582(c). But this rule is subject to several exceptions, "one of which provides courts the discretion to grant a prisoner compassionate release when certain conditions are met." *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021). In addition to the exhaustion of administrative remedies, a court must be satisfied that (1) "extraordinary and compelling

reasons warrant such a reduction," and must (2) consider the "factors set forth in section 3553(a) to the extent that they are applicable." *Id.* at 1283-84. Although courts must consider each step when granting a motion for compassionate release, "a district court that properly *denies* compassionate release need not evaluate each step." *Id.* at 1284 (emphasis in original).

In the prior Opinion and Order, ("O&O") ECF No. 90, the Court found that there were extraordinary and compelling reasons justifying release but noted that the case presented a close question. O&O, at 5-6. The Court found that compassionate release was not justified upon consideration of the § 3553(a) factors and that Defendant would present a danger to the community if the motion were granted. *Id.* at 6-7. Defendant's renewed motion focuses on Defendant's health conditions and the circumstances of his incarceration at FCI Lompoc, as well as the continuing risk of contracting COVID-19. However, in the months since the Court denied Defendant's original motion for compassionate release, Defendant has been moved from Lompoc to a different facility and Defendant has been vaccinated against COVID-19. Given that Defendant's original motion represented a "close question," the Court concludes that Defendant's changed, and improved, situation no longer represents extraordinary and compelling circumstances for purposes of § 3582(c)(1)(A)(i). It is not, therefore, necessary for the Court to examine the § 3553(a) factors and Defendant's motion for reconsideration is DENIED.

It is so ORDERED and DATED this 31st day of August 2022

/s/Ann Aiken
ANN AIKEN
United States District Judge